IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK MELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:08-1205 |
| | ) |
| THE METROPOLITAN GOVERNMENT OF | ) Judge Haynes |
| NASHVILLE AND DAVIDSON COUNTY, | ) Magistrate Judge Brown |
| | ) |
| Defendant. | ) |

**MOTION TO BIFURCATE TRIAL
AND MEMORANDUM IN SUPPORT**
[Fed. R. Civ. P. 42(b)]

*[Handwritten annotation: DENIED. This motion is DENIED. 4-8-10]*

The Metropolitan Government respectfully moves that the Court bifurcate this trial into liability and damages phases under Fed. R. Civ. P. 42(b). Simply stated, it will be more convenient, avoid prejudice, and may expedite the trial if the issues of liability and damages are tried separately.

The "principal purpose" of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). Rule 42(b) permits the Court to bifurcate a trial for "convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The decision whether to order separate trials is within the sound discretion of the Court. *See In re Beverly Hills Fire Lit.*, 695 F.2d 207, 216 (6th Cir. 1982).

In this case, the factors set forth in Rule 42(b) weigh in favor of bifurcating the trial of this matter into liability and damages phases. *See* 9A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 2390 ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b)"). Plaintiff Mark Melman alleges that the Metropolitan Government discriminated against him "because of his